UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Timothy Setliff, *on behalf of himself and all others similarly situated*,

        Plaintiff,

v.

Experian Information Solutions, Inc.,

        Defendant.

Case No. 3:23-cv-2255

MEMORANDUM OPINION
AND ORDER

## I.    Introduction

Plaintiff Timothy Setliff, on behalf of himself and all others similarly situated, moves to transfer venue. (Doc. No. 12). Defendant Charter Manufacturing Company, Inc. filed a memorandum in opposition, (Doc. No. 14), and Setliff replied. (Doc. No. 15). For the reasons stated below, I grant Setliff's motion.

## II.    Background

Charter Manufacturing is headquartered in Mequon, Wisconsin, and operates several manufacturing facilities across Wisconsin, Illinois, and Ohio. (Doc. No. 1 at 10). These facilities make steel and iron products such as bar, rod, and wire for automotive and industrial equipment markets. (*Id.*). Setliff alleges that, at all manufacturing facilities, Charter Manufacturing had the authority to hire and fire, control work schedules and work conditions, determine the rate and method of pay, and maintain employee records. (*Id.* at 11). Setliff worked for Charter Manufacturing from 2011 to 2022 as a maintenance technician at its facility in Risingsun, Ohio. (*Id.*

at 4). He inspected and repaired machines, welds, and rigging fabrications. (*Id.*). Charter Manufacturing classified Setliff as an hourly, non-exempt employee. (*Id.*).

Setliff brings this case as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and as a class action under the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.03, and the Ohio Prompt Pay Act, O.R.C. § 4113.15. (*Id.* at 2). He alleges he and similarly situated employees were not paid for their overtime hours due to a pay-to-shift policy and an improper calculation of the regular rate of pay. (*Id.* at 5–8).

First, Setliff alleges employees were not paid for work performed before and after their scheduled shifts. (Doc. No. 1 at 6–7). He contends employees were required to clock in before their scheduled shifts to put on personal protective equipment (*e.g.*, safety gloves, hard hat, protective glasses, and ear plugs) and to meet with the previous shift's employees. (*Id.* at 5–6). After their shifts ended, they were required to meet with the next shift's employees before clocking out. (*Id.* at 6). Setliff alleges employees were only paid for their scheduled shift and not the actual time that they were clocked in. (*Id.*). He describes this as a "pay-to-shift policy," where a company-wide timekeeping system "rounds to their scheduled shifts." (*Id.*).

Second, Setliff alleges Charter Manufacturing improperly calculated their regular rate of pay. (*Id.* at 7–8). He contends Charter Manufacturing was supposed to calculate the regular rate of pay as defined by the FLSA and Ohio law. (*Id.* at 8). Instead, overtime was calculated using their hourly rates of pay, resulting in unpaid overtime. (*Id.*)

Setliff now moves to transfer venue to the United States District Court for the Eastern District of Wisconsin (Milwaukee Division) to consolidate this lawsuit with one pending before that court. (Doc. No. 12 at 13; Doc No. 15 at 10). A separate suit with virtually identical allegations, *Grap v. Charter Manufacturing Company, Inc.*, was filed in the Eastern District of Wisconsin by employees of Charter Manufacturing facilities in Wisconsin and Illinois. (*See* Doc. No. 12 at 1-2).

2

Setliff argues that, by consolidating *Setliff* and *Grap* in the Eastern District of Wisconsin—where Charter Manufacturing is headquartered—employees from all Charter Manufacturing facilities nationwide could proceed in one court that can exercise general jurisdiction. The parties dispute whether this transfer of venue would be appropriate considering the factors of the convenience to the parties and the interest of justice.[1]

### III.  STANDARD

A motion to transfer venue is governed by 28 U.S.C. § 1404(a): "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any action to any other district or division where it might have been brought." The threshold issue is whether the action could have been brought in the transferee court. *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007). Next, the court must "weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of the parties and witnesses' and otherwise promote 'the interest of justice.'" *Atlantic Marine Const. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 62–63 (2013) (citing 28 U.S.C. § 1404(a)). Transfer must be to a "more convenient forum, not to a forum likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack*, 376 U.S. 612, 645–46 (1964). The moving party has the burden to establish that transfer is appropriate. *Kay*, 494 F. Supp. 2d at 849–50.

### IV.  DISCUSSION

When faced with a motion to transfer venue, a court should consider the "private interests of the parties, including their convenience and the convenience of potential witnesses, as well as the public-interest concerns, such as systemic integrity and fairness, which come under the rubric of

---

[1] Setliff and Charter Manufacturing agree that the plaintiffs in *Grap* could not opt-in to the collective action in this court because I could not assert personal jurisdiction over claims brought by out-of-state plaintiffs pursuant to the Sixth Circuit's decision in *Canaday v. Anthem Cos., Inc.*, 9 F.4th 392, 396–401 (6th Cir. 2021).

'interests of justice.'" *Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (quoting *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)). This analysis incorporates "a number of case-specific factors" into a "flexible and individualized analysis." *Stewart*, 487 U.S. at 29.

Section 1404(a) balances the same relevant factors as the doctrine of forum non conveniens from which it is derived. *Atlantic Marine*, 571 U.S. at 61. The private-interest factors include the "'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)).

The public-interest factors may include "the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft*, 454 U.S. at 241 n.6 (quoting *Gulf Oil*, at 509).

District courts have "broad discretion" to determine whether transfer is appropriate. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (explaining that a district court is reversed only for a clear abuse of discretion). Although the factors are the same as those for forum non conveniens, "district courts were given more discretion to transfer under § 1404(a)." *Piper Aircraft*, 454 U.S. at 253 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 31-32 (1955)). Under forum non conveniens, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil*, 330 U.S. at 508; *see also Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (citing *Dowling v. Richardson–Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir. 1984), for the

4

same proposition). But under § 1404(a), Congress "intended to permit courts to grant transfers upon a lesser showing of inconvenience. This is not to say that the relevant factors have changed or that the plaintiff's choice of forum is not to be considered, but only that the discretion to be exercised is broader." *Norwood*, 349 U.S. at 32.

The posture of Setliff's motion is unusual. Generally, it is the defendant who moves to transfer a case after the plaintiff has chosen the initial venue. But the "right to a transfer under [§ 1404(a)] is available to a plaintiff as well as a defendant." *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 784 (6th Cir. 1961). And a "plaintiff is not bound by his choice of forum[], if he later discovers that there are good reasons for transfer." *Id.*

The threshold issue is whether Setliff could have initiated this action in the Eastern District of Wisconsin. Setliff argues he could because the Eastern District of Wisconsin has subject matter jurisdiction over his claims and personal jurisdiction over Charter Manufacturing, and venue is proper there. (*See* Doc. No. 12 at 8).

The Sixth Circuit has explained that "employees may file a nationwide collective action under the FLSA so long as they do so in a forum that may exercise general jurisdiction over the employer—namely its principal place of business or its place of incorporation." *Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 400–01 (6th Cir. 2021). Charter Manufacturing has its headquarters and principal place of business in Mequon, Wisconsin, which is within the jurisdiction of the Eastern District of Wisconsin. Charter Manufacturing does not dispute that this action could have been brought in the transferee court.

Having concluded the Eastern District of Wisconsin may exercise jurisdiction and is a proper venue for this case, I now conclude the private interests of the parties weigh in favor of transfer. A plaintiff's "choice of forum carries weight, particularly where, like here, the [newly] chosen forum has a connection to the litigation and Defendant maintains its principal place of

5

business there." *Smith v. Gen. Info. Sols., Inc.*, No. 2:18-CV-230, 2018 WL 4019463, at *3 (S.D. Ohio Aug. 23, 2018). Like other plaintiffs before him, Setliff has uncovered good reasons to transfer this case. *Philip Carey*, 286 F.2d at 784. And Charter Manufacturing has not shown it would suffer prejudice from a transfer of venue.

Moreover, the interests of justice favor transfer as well. The Supreme Court has made clear that "'[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent.'" *Ferens v. John Deere Co.*, 494 U.S. 516, 531 (1990) (quoting *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960)) (alteration by *Ferens*). "'[T]he pendency of a related case in the proposed transferee forum is a powerful reason to grant a motion for a change of venue.'" *Fairfax Dental (Ireland) Ltd. v. S.J. Filhol Ltd.*, 645 F. Supp. 89, 92 (E.D.N.Y. 1986) (quoting *Supco Auto. Parts, Inc., v. Triangle Auto Spring Co.*, 538 F. Supp. 1187, 1192 (E.D. Pa. 1982) (further citations omitted) (alteration by *Fairfax Dental*)). Further, consolidation does not need to be certain before transferring. *See Fairfax Dental*, 645 F. Supp. at 92 n.2 ("There is no requirement that consolidation be certain before this Court can consider the fact that a related action is pending in the proposed transferee court.") (citation omitted).

I conclude transferring this case to the Eastern District of Wisconsin promotes judicial economy by avoiding duplicate lawsuits in different districts. The claims in this case and in *Grap* are virtually identical. Both complaints allege Charter Manufacturing required employees to clock in before their scheduled shift started to put on personal protective equipment and to meet with the prior shift. They also allege that, after the scheduled shift ended, employees were required to meet with the next shift before clocking out. Both complaints describe this as "rounding," meaning that the employees were paid for their scheduled shifts and not the actual time they were clocked in. While both complaints include separate state law claims, Charter Manufacturing has not identified

6

any complex or novel issue of law presented by Setliff's Ohio-law claims which might counsel against transfer.

## IV. CONCLUSION

For the reasons set forth above, I grant Setliff's motion to transfer venue. (Doc. No. 12).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge